UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NUMBER 19-40569 |
| JERMAINE A. VENABLE | ) |
| CHANTEL A. VENABLE | ) CHAPTER 13 |
| | ) |
| Debtors. | ) HONORABLE RUSS KENDIG |
| | ) |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

NOW COMES Michael A. Gallo, Standing Chapter 13 Trustee, and hereby objects to confirmation of the debtors' Chapter 13 plan dated April 3, 2019. In support of the within objection, the Trustee states as follows:

## BACKGROUND

1. On April 3, 2019, the debtors filed a Chapter 13 Plan (Doc. 6) (the "Plan").

2. The debtors' Plan provides for payments of $470.00 monthly for a term of thirty-six months and a 10% dividend to be paid to unsecured creditors.

## BASIS FOR OBJECTION

**A. Feasibility.**

3. Debtors' Plan, for a designated term of thirty-six months, does not adequately fund the treatment of claims as proposed to be provided for in the Plan.

4. The debtors have referenced and language is included at Article 2.1 of the Plan as follows:

> "*If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.*"

5. The Trustee's preliminary review of debtors' Plan indicates that the Plan term will be at least fifty-seven months, a dramatic difference from that which is currently set forth.

6. The Trustee does not believe that such open-ended language with respect to the Plan's term, as contained at Article 2.1, adequately apprises creditors, or for that matter debtors, as to the reasonable estimate of the time period during which creditor payment will be received or payments by the debtors are required.

7. One of the cornerstones of a Chapter 13 plan is to provide a good faith determination of a reasonable estimate of a plan term and plan payments which enable all parties to review and either accept or reject a Chapter 13 plan based upon the most accurately available information.

8. In addition, the failure to realistically define the plan term renders Article 2.5 setting forth the total amount to be paid in the plan as well as Exhibit 1 to the Plan meaningless as the "numbers" cannot work if the term set forth at Article 2.1 bears no relationship to the actual time period required to implement the proposed creditor treatment under the plan.

**B. Claims Bar Date After Objection Deadline.**

9. Pursuant to Bankruptcy Rule 3002(c), claims bar date is June 12, 2019.

10. Pursuant to Bankruptcy Rule 3015(f), the deadline to file objections to confirmation is June 6, 2019.

11. Since both the scheduled confirmation hearing and the claims bar date are after the objection deadline, the Trustee is presently unable to determine the feasibility of the plan.

12. The Trustee reserves the right to amend his objection upon review of any additional timely filed claims.

WHEREFORE, for the reasons set forth herein, the Trustee objects to the confirmation of the debtors' Plan dated April 3, 2019. In the event the debtors fail to address the matters set forth herein, this case may be dismissed without further notice or hearing.

Dated: June 4, 2019

/s/ Michael A. Gallo
Michael A. Gallo, Esq.
Standing Chapter 13 Trustee
5048 Belmont Avenue
Youngstown, OH 44505

## CERTIFICATE OF SERVICE

I certify that on June 4, 2019, a true and correct copy of Trustee's Objection to Confirmation of Debtors' Chapter 13 Plan was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Eric Ashman, Esq., Attorney for Debtors at: eashman@ohiolegalclinic.com
Office of the U.S. Trustee at: (Registered address)@usdoj.gov

And by regular U.S. mail, postage prepaid, on:

Jermaine and Chantel Venable, Debtors, at 726 Coitsville Road, Campbell, OH 44405.

/s/ MICHAEL A. GALLO, TRUSTEE
MICHAEL A. GALLO, TRUSTEE
5048 Belmont Avenue
Youngstown, OH 44505
(330) 743-1246
Fax: (330) 746-8616