**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:08 AM July 18, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JERMAINE A. VENABLE AND | ) | CASE NO. 19-40569 |
| CHANTEL A. VENABLE, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     Chapter 13 trustee Michael A. Gallo ("Trustee") objected to confirmation of Debtors' plan on June 4, 2019. He takes issue with the plan's failure to accurately reflect the actual plan term. Debtors are below median debtors, committing them to a thirty-six month plan. In order to complete all payments required under the plan, they need to extend the term to approximately fifty-seven months. Trustee argues this term should be contained in the plan. Debtors argue it is not necessary, relying on language in the form plan providing for an extended term as necessary to complete payments. The court held a hearing on June 13, 2019. Only Trustee chose to submit a post-hearing brief.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

For the reasons set forth in Trustee's Memorandum in Support of his objection to confirmation, the court will sustain the objection and deny confirmation. Additionally, if drafters of the form plan wanted to use the applicable commitment period in section 2.1, there were far more direct ways to do so. For example, the drafters could have merely set forth a tick box with "36" or "60" or used language referencing the "applicable commitment period." They did not, leading the court to conclude section 2.1 should contain a good faith estimate of the total payments made under the plan.

A separate order will be issued immediately.

#     #     #

**Service List:**

Eric James Ashman
26 Market Street
Suite 1001
Youngstown, OH 44503

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505